# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2795

_____

Kevin Byers,          *
         *
         Appellant,          *
         *
         v.          *    Appeal from the United States
         *    District Court for the Eastern
Augusta School District Board          *    District of Arkansas.
of Education, A Public Body          *
Corporate; James Toy,          *        [UNPUBLISHED]
Superintendent of Schools of the          *
Augusta School District,          *
         *
         Appellees.          *

_____

Submitted:  April 16, 2002

Filed:  April 23, 2002

_____

Before HANSEN, Chief Judge, McMILLIAN, and FAGG, Circuit Judges.

_____

PER CURIAM.

Kevin Byers, an African-American man, appeals the damages awarded by the district court[*] after it held that the Augusta, Arkansas School District racially

_____

[*]The Honorable John Forster, United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties.

discriminated against Byers when it failed to hire him as Augusta High School principal in August 1997. The district court awarded Byers $10,000 in compensatory damages and ordered the school district to hire Byers as Augusta High School principal when the position became vacant. We consider each of Byers's four claims in turn, reviewing the district court's remedial order for abuse of discretion. MacDissi v. Valmont Ind., Inc., 856 F.2d 1054, 1056 (8th Cir. 1988) (standard of review).

First, Byers argues the district court abused its discretion when it did not award damages for the school district's failure to hire Byers as Augusta High School principal before August 1997. As the district court noted, because Byers brought his claims under 42 U.S.C. § 1981, he must prove the alleged discrimination was intentional. Gen. Bldg. Contractors Ass'n, Inc. v. Penn., 458 U.S. 375, 387-91 (1982). Byers, however, did not meet the school district's pre-August 1997 qualifications for the principal position–he did not have principal's certification–so the school district had a legitimate, nondiscriminatory reason for not hiring Byers. Byers still did not have his principal's certification at the time of trial, but in August 1997 the school district changed its policy and no longer required principal's certification for its principals. Thus, the district court properly declined to award damages for the school district's pre-August 1997 decisions to not hire Byers.

Second, Byers contends the district court abused its discretion when it did not award him front pay for the retirement benefits he would be earning if currently employed as Augusta High School principal. Byers was a teacher in Camden, Arkansas when he applied for the Augusta principal position. Byers continued to teach in Camden through the 1997-1998 school year after he had been denied the Augusta principal position in August 1997. Although Byers could have continued teaching in Camden and accrued Arkansas teacher's retirement benefits there, he resigned from the Camden district and eventually accepted a higher-paying, non-teaching job in Memphis, Tennessee. For these reasons and because Byers did not

present any evidence on this issue at trial, the district court properly denied Byers's request for front pay relief. See MacDissi, 856 F.2d at 1060.

Third, Byers claims the district court abused its discretion by refusing to award him commuting expenses incurred after Byers moved his family to Augusta in 1998 and then commuted 250 miles round-trip to his new job in Memphis. Byers's claim for commuting expenses fails because Byers voluntarily resigned from his Camden teaching position; he was not forced to seek employment as a result of the race discrimination which occurred in Augusta. See Jackson v. Wheatley Sch. Dist., 489 F.2d 608, 612-13 (8th Cir. 1973). Even if the August 1997 race discrimination had forced Byers into the job market, though, Byers would be expected to seek employment in Camden–the community where he lived when the discrimination occurred–not in Augusta. See id. at 612. The district court properly denied Byers commuting expenses.

Finally, Byers argues the district court abused its discretion by ordering the school district to hire Byers as the Augusta High School principal at the next opportunity, rather than requiring that Byers be hired for the next available principal or administrative position. As the district court properly noted, Byers did not raise this far-reaching claim for relief until his motion for reconsideration. Because Byers did not present evidence at trial to establish he was qualified for other positions in the Augusta school district, the district court properly limited the relief to the Augusta High School principal position. Heffernan v. Lockhart, 834 F.2d 1431, 1436 (8th Cir. 1987).

For the reasons stated above, we conclude the district court did not abuse its discretion in fashioning a remedy for the employment discrimination Byers suffered. Thus, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.